2021 IL App (1st) 182374-U

THIRD DIVISION
June 30, 2021

No. 1-18-2374

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee | ) ) | Cook County |
| v. | ) ) | No. 18 CR 0075 |
| OSCAR CASTRO, | ) ) | Honorable Angela Munari Petrone, |
| Defendant-Appellant | ) ) | Judge Presiding |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. State proved beyond reasonable doubt that defendant possessed stolen motor vehicle.

¶ 2    Defendant Oscar Castro was convicted of possession of a stolen motor vehicle (PSMV).

He challenges the sufficiency of the evidence. We find the evidence sufficient and affirm.

¶ 3                                    BACKGROUND

¶ 4    The principal testimony at defendant's bench trial, summarized below, came from the

owner of the stolen vehicle, Juan Ramirez; his wife, Maria Miranda; and Chicago Police Officers

Brian Moore and Bradley Michaels.

¶ 5    As she prepared to drive to work on the early morning of December 27, 2017, Maria Miranda realized she had left her purse and wallet in her apartment. With her 2010 Honda Pilot parked in front of her apartment building and the keys still in the ignition, Maria Miranda returned to her apartment to retrieve those items. In the time it took her to retrieve those items, the vehicle was gone. Miranda and her husband, Juan Ramirez, went to the police station that morning and reported the car stolen.

¶ 6    Shortly after midnight the next day, Chicago Police Officers Moore and Michaels stopped the vehicle and found defendant driving it, with another individual in the passenger seat. During the arrest, Officer Moore asked defendant to whom the car belonged; defendant said it was the passenger's cousin's car. Officer Moore's body camera recorded this conversation.

¶ 7    Later at the police station, Officer Moore again asked defendant where he got the car, but this time defendant replied that he bought the car from "his boy" for $20. Officer Moore included this statement in the arrest report. Officer Moore also testified that defendant told him he had bought cars from "his boy" in the past, so he knows that he sold "hot," or stolen, cars. But Officer Moore did not include this latter statement in the arrest report.

¶ 8    After hearing the arguments and evidence from both parties, the circuit court concluded that defendant was guilty of possession of a stolen motor vehicle. The circuit court sentenced defendant to three years in prison. This appeal followed.

¶ 9                                    ANALYSIS

¶ 10    Defendant argues that the State failed to prove beyond a reasonable doubt that he was guilty of PSMV. Among other things, to find defendant guilty of PSMV, the State must show that defendant knew he was in possession of a stolen car. 625 ILCS 5/4-103(a)(1) (West 2016). Defendant claims the State failed to prove that knowledge.

¶ 11    In reviewing a challenge to the sufficiency of the proof, we consider the evidence in the light most favorable to the State and ask whether any rational juror could have found proof of the elements beyond a reasonable doubt. *People v. Campbell*, 146 Ill. 2d 363, 375 (1992). We will reverse only if the evidence is "unreasonable, improbable, or so unsatisfactory" as to create a reasonable doubt of the defendant's guilt. *Id.*

¶ 12    Defendant reasons that, at the time of his arrest, nothing indicated that he knew that he was driving a stolen car. For one thing, there was no damage to the car's security's features indicating forcible entry or hot-wiring. He acknowledges that such knowledge "may be inferred *** if the person exercises exclusive unexplained possession" over the stolen vehicle. 625 ILCS 5/4-103(a)(1)(B) (West 2016). But he explained to the police (in a body-cam recorded statement) that the car belonged to his passenger's cousin, or so he believed. The only evidence that defendant *knew* that it was a stolen car came from Officer Moore, who testified that defendant told him he bought the car for $20 from "his boy," whom he knew sold "hot" cars.

¶ 13    The officer's testimony is not credible, he claims, because the most incriminating part of that alleged statement was not memorialized by the officer in his police report. Recall that the arrest report indicated defendant's claim that he bought the car for $20 from "his boy" but made no mention of defendant knowing that this individual sold "hot" cars. Defendant claims it is unbelievable that Officer Moore would not have documented defendant's statement that he knew his friend sold stolen cars. The absence of such documentation, he says, suggests that the entire statement was fabricated.

¶ 14    Defendant relies on *People v. Quintana*, 91 Ill. App. 2d 95, 99 (1968), where this court determined that "the testimony of the police officer [was] suspect," given his incentive to lie to make his job easier. We noted there that the officer wanted the defendant to become an

informant and continually pulled defendant over to "sh[a]k[e] him down." *Id.*

¶ 15    Likewise here, says defendant, proving that he knew he was in possession of a stolen car would create a lot of work for Officer Moore. Officer Moore would either have to solve the initial car theft or would need someone who was involved in the exchange of the car to admit that the car was stolen. Defendant reasons that Officer Moore's omission of "the most incriminating detail of [his] statement from the arrest report" suggests that Officer Moore was lying, like the officer in *Quintana*, to make finding defendant guilty of PSMV easier.

¶ 16    But it is not a reviewing court's job to review the credibility of a witness or substitute its judgment for that of the factfinder. *Campbell*, 146 Ill. 2d at 375. Defendant's theory—that he believed the Honda belonged to his passenger's cousin, and that a police officer invented an incriminating statement to the contrary—may be a viable theory, but the trier of fact was not required to believe it. The court, instead, believed the police officer. The fact that the officer failed to memorialize a portion of that statement in the arrest report is at best impeachment, a point in defendant's favor, but it does not automatically follow that the officer invented all or part of the statement. We have no basis to re-weigh the evidence and conclude that the court should have believed defendant over the officer.

¶ 17    We would add here that, as the trial court did, we could rely on the portion of the statement that *was* memorialized—that defendant bought the Honda from "his boy" for $20—and uphold the conviction on that testimony alone. On two separate occasions, the circuit court explained, "I'm not regarding any part of the statement after he brought the car for $20. Just regarding that statement alone, the fact that the defendant was driving the car a few days after it was stolen, I believe the state has met its burden," and "The remainder of his statement, I know my boy sells hot cars or words to that effect, I'm not considering that at all."

¶ 18    As the circuit court noted, it implausible for a person to believe they can purchase a car for $20 without also believing that it was stolen. See *People v. Deery*, 41 Ill. App. 3d 302, 310 (1976) ("[O]ne of the indications that property has been stolen is a great disparity between its market value and the price at which it is offered."). So even were we to disregard entirely the portion of defendant's incriminating statement was not mentioned in the arrest report, the evidence was still sufficient.

¶ 19    We thus reject defendant's challenge to the sufficiency of the evidence.

¶ 20                                 CONCLUSION

¶ 21    We affirm defendant's conviction.

¶ 22    Affirmed.